1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8    DEUTCHE BANK NATIONAL TRUST          No. C 12-1901- EDL
     COMPANY,
9                                         **ORDER DENYING DEFENDANT'S**
                Plaintiff,                **APPLICATION TO PROCEED IN**
10                                        **FORMA PAUPERIS; REPORT AND**
          v.                              **RECOMMENDATION TO GRANT**
11                                        **PLAINTIFF'S MOTION TO REMAND;**
     MARTIN V. CAMBRON,                   **ORDER REASSIGNING CASE**
12
                Defendant.
13   _____/
14
15   **I.    Order Denying Application to Proceed In Forma Pauperis**

16          On April 17, 2012, pro se Defendant Martin Cambron removed this unlawful detainer action

17   originally filed in Marin County Superior Court to this Court. At that time, Mr. Cambron signed a

18   form entitled "Application To Proceed In Forma Pauperis," but did not fill out *any* of the required

19   information on the form. Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may

20   authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security

21   therefor, by a person who makes affidavit that he is unable to pay such costs or give security

22   therefor." In reviewing an application to proceed in forma pauperis, the court may dismiss a case sua

23   sponte if the court determines that the party applying for in forma pauperis status has filed a

24   frivolous action. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

25   Under 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissal on these grounds is often made sua

27   sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and

28   expense of answering such complaints. Id. at 324.

          Defendants's Application to Proceed In Forma Pauperis does not adequately allege his

     poverty because it contains *no* information about his income or expenses. This Court therefore

1  DENIES the application to proceed in forma pauperis.

2  **II.     Recommendation that Motion to Remand Be Granted**

3      Additionally, Plaintiff has filed a motion to remand this unlawful detainer complaint to Marin

4  County Superior Court following Defendants' removal.  This Court granted a request to hear the

5  motion on shortened time.  However, because all parties have not consented to this Court's

6  jurisdiction, the Court must reassign this matter to a district court judge with the following

7  recommendation:  Because Plaintiff's motion to remand is unopposed, the removal was untimely,

8  and federal jurisdiction is lacking, the Court recommends granting the motion to remand.  This Court

9  believes that the matter is appropriate for decision without oral argument, and the oral argument set

10  for May 22, 2012 is hereby vacated.

11      **A.     Background**

12      According to the allegations of the Complaint, Defendant was the owner of real property

13  located at 254 Vista Del Mar, San Rafael, California.  See Sontag Decl. Ex. A (Compl.) ¶ 1.

14  Following Defendant's default, the Trustee sold the property to Plaintiff.  Id. ¶¶ 5-6.  The Trustee's

15  sale was duly perfected by recording a Trustee's Deed Upon Sale in the Office of the County

16  Recorder of Marin County, California.  Id. ¶ 6.  On January 14, 2012, Plaintiff caused to be served

17  on Defendant a Notice to Quit.  Id. ¶7.  The Notice to Quit has expired, but Defendant continues to

18  remain in possession of the property without Plaintiff's permission or consent.  Id. ¶ 8.

19      Plaintiff filed the complaint for unlawful detainer in the Superior Court for the County of

20  Marin on January 24, 2012 and served Defendants on February 17, 2012.  Sontag Decl. Ex. B.

21  Defendants removed this action on April 17, 2012 on both diversity and federal question grounds.

22  Plaintiff filed the instant motion to remand which remains unopposed.

23      **B.     Legal Standard**

24      "Except as otherwise expressly provided by Act of Congress, any civil action brought in a

25  State court of which the district courts of the United States have original jurisdiction, may be

26  removed by the defendant or the defendants, to the district court of the United States for the district

27  and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  "If at any

28  time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case

United States District Court
For the Northern District of California

2

1 | shall be remanded." 28 U.S.C. § 1447(c).

2 |      The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."

3 | Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal

4 | jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

5 | (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant

6 | always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical

7 | Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of

8 | citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal

9 | jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow

10 | Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

11 | **C.      Discussion**

12 |      **1.      The Removal Was Untimely**

13 |      Plaintiff moves to remand on the basis that Defendant's removal of the action was untimely

14 | under 28 U.S.C. § 1446, which requires that an action be removed within thirty days of service or

15 | thirty days after it becomes ascertainable that the action could be removed. Defendant was served on

16 | February 17, 2012, but did not remove the action until April 17, 2012, more than thirty days after

17 | service of summons. Even taking into consideration the leniency afforded to pro se litigants,

18 | Defendant has provided no excuse for his failure to timely remove, and remand is appropriate on this

19 | basis. See 28 U.S.C. § 1447(c) (removed case may be remanded to state court based on a "defect" in

20 | the removal procedure).

21 |      **2.      No Federal Jurisdiction**

22 |      **a.      No Federal Question Jurisdiction**

23 |      Defendant based removal on 28 U.S.C. § 1441 because "it is a civil action based upon the

24 | Federal Debt Collection Practices Act." Notice of Removal ¶ 4. Defendant's Notice of Removal

25 | makes reference to a different complaint filed by him against Plaintiff for, among other things,

26 | wrongful foreclosure and violations of the Fair Debt Collection Practices Act. Notice of Removal

27 | ¶¶ 2-3. However, Plaintiff does not attach any complaint by him to his removal papers, and instead

28 | it is clear that he removed the unlawful detainer complaint brought against him by Plaintiff. The

United States District Court
For the Northern District of California

3

1  unlawful detainer complaint alleges only a single cause of action for unlawful detainer under state

2  law.

3  Where a civil action over which the federal courts have original jurisdiction is brought in

4  state court, the defendant may remove the action to federal district court. See 28 U.S.C. § 1441. A

5  case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face

6  of the properly pleaded complaint. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987);

7  Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) ("The

8  well-pleaded-complaint rule has long governed whether a case "arises under" federal law for

9  purposes of § 1331."); see also Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir.

10  2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

11  complaint rule,' which provides that federal jurisdiction exists only when a federal question is

12  presented on the face of the plaintiff's properly pleaded complaint."). This rule makes the plaintiff

13  the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on

14  state law. Id. Further, whether a case arises under federal law does not depend upon matters raised

15  in the answer. Holmes, 535 U.S. at 830-31 (". . . whether a case arises under federal patent law

16  'cannot depend upon the answer.' Moreover, we have declined to adopt proposals that 'the answer

17  as well as the complaint ... be consulted before a determination [is] made whether the case "ar[ises]

18  under" federal law ... .'") (internal citations omitted); Phillips Petroleum Co. v. Texaco, Inc., 415

19  U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint,

20  unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so

21  far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a

22  probable defense.'").

23  Here, the complaint, which asserts one state law claim only, does not provide any ground for

24  removal. To the extent that Defendant may have raised federal law issues in a separate complaint or

25  believes that the state court action was filed in violation of Defendants' rights under federal law,

26  those issues do not provide a basis for removal. Therefore, remand is proper because the Complaint,

27  on its face, does not arise under federal law.

28  **b.     No Diversity Jurisdiction**

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Defendant's removal papers also base federal jurisdiction on diversity jurisdiction, and the

2  Court further determines that there is no diversity jurisdiction.  Pursuant to 28 U.S.C. § 1332, this

3  Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds

4  the sum or value of $75,000, exclusive of interests and costs."  Defendant's Notice of Removal

5  claims that the amount in controversy exceeds $75,000 and that "Plaintiffs do not quantify the

6  amount of damages they seek to recover in this case."  Notice of Removal  ¶ 7; see also ¶¶ 8, 10.

7  However, the Complaint prominently states "THE DEMAND DOES NOT EXCEED $10,000," and

8  the civil case cover sheet of the complaint indicates "Amount demanded is $25,000 or less."  The

9  amount in controversy requirement is not met here and the case is not removable as a diversity

10  action, and the Court need not reach the issue of the parties' citizenship.

11    Any party may serve and file specific written objections to this recommendation within

12  fourteen (14) days after being served with a copy.  See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

13  72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the

14  right to appeal the District Court's order.

15

16  **IT IS SO ORDERED.**

17

18  Dated:  5/14/2012

19                                          ELIZABETH D. LAPORTE
                                           United States Magistrate Judge
20

21

22

23

24

25

26

27

28